VORYS, SATER, SEYMOUR AND PEASE LLP
Thomas N. McCormick (SBN 325537)
*tnmccormick@vorys.com*
2211 Michelson Drive, Suite 500
Irvine, CA 92612
Telephone: (949) 526-7903
Fax: (949) 526-7903

*Attorneys for Defendant RUGSUSA, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA HONG, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>RUGSUSA, LLC,<br><br>*Defendant*. | Case No.: 3:24-cv-08799-AMO<br><br>Hon. Araceli Martinez-Olguin<br><br>**DEFENDANT RUGSUSA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**<br><br>Action Filed: December 6, 2024<br>Hearing Date: July 10, 2025<br>Time: 2:00 PM<br>Location: Courtroom 10 |

PLEASE TAKE NOTICE that on July 10, 2025, at 2:00 p.m., in Courtroom 10 of the above-referenced Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant RugsUSA, LLC ("RugsUSA") will move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Class Action Complaint (the "Complaint") filed by Plaintiff Anna Hong ("Plaintiff").

Defendant RugsUSA, LLC ("RugsUSA") hereby moves under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing with prejudice Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

/ / /

1

1    This Motion is based on this Notice of Motion, the Memorandum of Points and

2  Authorities filed concurrently, the pleadings and documents on file herein, and upon

3  such oral and documentary evidence and matters that the Court may properly consider.

4

5    DATED:  February 12, 2025         VORYS, SATER, SEYMOUR AND PEASE LLP

6                                       By:  /s/ Thomas N. McCormick

7                                            Thomas N. McCormick
                                            Attorneys for Defendant RUGSUSA, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VORYS, SATER, SEYMOUR AND PEASE LLP
Thomas N. McCormick (SBN 325537)
*tnmccormick@vorys.com*
2211 Michelson Drive, Suite 500
Irvine, CA 92612
Telephone: (949) 526-7903
Fax: (949) 526-7903

*Attorneys for Defendant RUGSUSA, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA HONG, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>RUGSUSA, LLC,<br><br>*Defendant.* | Case No.: 3:24-cv-08799-AMO<br><br>Hon. Araceli Martinez-Olguin<br><br>**DEFENDANT RUGSUSA, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**<br><br>Action Filed: December 6, 2024<br>Hearing Date: July 10, 2025<br>Time: 2:00 PM<br>Location: Courtroom 10 |

# **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................... 1

II.  FACTUAL BACKGROUND ......................................................................... 1

    A.  RugsUSA ............................................................................................. 1

    B.  The Allegations of Plaintiff's Complaint .......................................... 1

        1.  RugsUSA's Pricing and Advertising ....................................... 2

        2.  Allegations Specific to Plaintiff .............................................. 3

        3.  Plaintiff's Claims .................................................................... 4

III.  APPLICABLE LEGAL STANDARDS.......................................................... 4

    A.  Federal Rule of Civil Procedure, Rule 12(b)(6).................................. 4

    B.  Federal Rule of Civil Procedure, Rule 9(b) ....................................... 5

IV.  ARGUMENT.................................................................................................. 5

    A.  All of Plaintiff's Claims Are Subject to Rule 9(b)'s Heightened
        Pleading Standard Because Each Claim Sounds in Fraud ................... 5

    B.  Plaintiff's Claims Do Not Satisfy Rule 9(b)'s Heightened Pleading
        Standard............................................................................................... 7

        1.  The Complaint Fails to Plead Facts Regarding Plaintiff's
            Purchase or the Discount She Allegedly Received ................. 8

        2.  The Complaint Fails to Allege Facts Regarding Any
            Representation(s) Plaintiff Relied on in Making Her
            Purchase .................................................................................. 9

        3.  The Complaint Fails to Plead an Adequate Pre-Suit
            Investigation Into the Product Plaintiff Purchased ............... 10

    C.  Plaintiff Has Failed to State a Claim for Breach of Contract ................. 12

    D.  Plaintiff Has Failed to State a Claim for Breach of Express
        Warranty............................................................................................... 14

    E.  Plaintiff's Negligent and Intentional Misrepresentation Claims Are
        Barred by the Economic Loss Doctrine .................................................. 15

    F.  Plaintiff Has Failed to State a Claim for Unjust Enrichment ................. 15

    G.  The Court Should Strike the Complaint's Class Allegations ................. 17

V.  CONCLUSION ............................................................................................... 18

# **TABLE OF AUTHORITIES**

## **CASES**

*Adams v. Johnson*, 355 F.3d 1179 (9th Cir. 2004) ...........................................................5

*Arroyo v. TP-Link USA Corp.*, No. 5:14-cv-04999-EJD, 2015 U.S. Dist. LEXIS 133473 (N.D. Cal. Sep. 29, 2015) ...................................................11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................4, 5, 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..............................................................4

*Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001) ..............................................5

*Dawkins v. Wells Fargo Bank, NA*, 576 F. App'x 704 (9th Cir. 2014) ........................12

*Fayer v. Vaughn*, 649 F.3d 1061 (9th Cir. 2011) ..........................................................5

*Forrett v. Gourmet Nut, Inc.*, 634 F. Supp. 3d 761 (N.D. Cal. 2022) ..........................16

*Graves v. Sw. & Pac. Specialty Fin., Inc.*, No. C 13-1159 SBA, 2013 U.S. Dist. LEXIS 158512 (N.D. Cal. Nov. 4, 2013) .............................................17

*In re Arris Cable Modem Consumer Litig.*, No. 17-CV-01834-LHK, 2018 U.S. Dist. LEXIS 1817 (N.D. Cal. Jan. 4, 2018) ...............................4, 5, 6

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) ............................................................4

*Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965 (N.D. Cal. 2014) ...............12

*Lisner v. Sparc Grp. LLC*, No. 2:21-CV-05713-AB (GJSx), 2021 U.S. Dist. LEXIS 249558 (C.D. Cal. Dec. 29, 2021) ...................................11, 12

*Lyons v. Bank of Am.*, No. C 11-1232 CW, 2011 U.S. Dist. LEXIS 145176 (N.D. Cal. Dec. 16, 2011) .......................................................17

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ..............................................5

*Multifamily Captive Group, LLC v. Assur. Risk Managers, Inc.*, 629 F. Supp. 2d 1135 (E.D. Cal. 2009) ...............................................................15

*Myers-Armstrong v. Actavis Totowa, LLC*, 382 Fed. Appx. 545 (9th Cir. 2010) .......................................................................16

*Opperman v. Path, Inc.*, 84 F. Supp. 3d 962 (N.D. Cal. 2015) ....................................6

*Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004) ......................15

*Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) .............................16, 17

*Scherer v. FCA US, LLC*, 565 F. Supp. 3d 1184 (S.D. Cal. 2021) ..............................6

*Schertzer v. Samsonite Co. Stores*, No. 19-CV-639 JLS (MSB), 2020 U.S. Dist. LEXIS 134014 (S.D. Cal. Feb. 25, 2020) .........................................12

*Seegert v. Luxottica Retail N. Am., Inc.*, No. 17cv1372 JM(BLM), 2018
   U.S. Dist. LEXIS 121071 (S.D. Cal. July 19, 2018) .........................................11, 12

*Smith v. Glaxosmithkline Consumer Healthcare Holdings (US) LLC*, 660
   F. Supp. 3d 863 (N.D. Cal. Mar. 9, 2023) ..............................................................6, 9

*T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d
   855 (N.D. Cal. 2015).............................................................................................14

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)...........................passim

*Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618 (N.D. Cal. 2011) ..................................6

**RULES**

Fed. R. Civ. P. 12(b)(6) ..............................................................................................1, 4

Fed. R. Civ. P. 9(b) ..................................................................................................passim

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

Plaintiff Anna Hong's Complaint alleges that Defendant RugsUSA, LLC

4

("RugsUSA") advertises time-limited, site-wide sales and misrepresents the regular

5

price of the products on its website, www.rugsusa.com. This allegedly fraudulent

6

pattern is the basis for each of Plaintiff's claims on behalf of a purported California

7

class.

8

Plaintiff's Complaint asserts statutory and common law claims that are not

9

supported by the Complaint's actual factual allegations. Thus, Plaintiff's Complaint is

10

deficient for two reasons. First, Plaintiff's claims all sound in fraud, but they are not

11

pled with the requisite particularly required by Federal Rule of Civil Procedure 9(b).

12

Second, Plaintiff's Complaint fails to sufficiently allege facts for each element of her

13

claims. Due to these pleading deficiencies, the Court should dismiss the Complaint with

14

prejudice under Rules 9(b) and 12(b)(6).

15

## II.    FACTUAL BACKGROUND

16

### A.    RugsUSA

17

RugsUSA is an online retailer that sells a wide variety of rugs and related

18

products to consumers nationwide at affordable and competitive prices. RugsUSA can

19

keep its prices low and quality high, in part, by maintaining close relationships with the

20

designers, artisans, and factories who make the products that RugsUSA ultimately sells.

21

### B.    The Allegations of Plaintiff's Complaint

22

Plaintiff is a California resident who allegedly purchased a rug from RugsUSA

23

on September 2, 2024. Compl., ECF No. 1, ¶ 42. Plaintiff's Complaint is full of general

24

allegations and conclusory statements regarding RugsUSA's advertising and product

25

pricing on its website. However, the Complaint lacks specific factual allegations and

26

details regarding the representations at issue, Plaintiff's experience with RugsUSA's

27

website, and the purchases Plaintiff allegedly made that give rise to Plaintiff's

28

Complaint.

1

### 1. *RugsUSA's Pricing and Advertising*.

The Complaint alleges that RugsUSA uses "fake sales," including the use of "fake strikethrough prices, fake sitewide sales, and 'limited time' sales that are continuously available." *Id.* at ¶ 20. The Complaint alleges that RugsUSA "advertises regular prices that are not its true regular prices, or its former prices, and were not the prevailing market price in the three months immediately preceding the advertisement." *Id.* at ¶ 34. Further, the Complaint alleges that RugsUSA "consistently advertises a sitewide discount on its Products," even though "these discounts run in perpetuity[.]" *Id.* at ¶ 21.

Despite the foregoing, the Complaint does not plead any ***facts*** regarding the "regular price," "former price," or "prevailing market price" for any of the products RugsUSA offers for sale on its website. The Complaint contains screenshots of past advertisements RugsUSA allegedly ran on its website, as well as screenshots of and contentions regarding unrelated products sold on RugsUSA's website. *Id.* at ¶¶ 21-24. But the Complaint does not allege that Plaintiff purchased any of these products, nor does it allege that Plaintiff saw and/or relied upon the advertisements or the strike-through prices in the Complaint when she made her purchase.

Moreover, these screenshots show advertisements for percentage discounts using a discount code and certain products with strike-through prices, which Plaintiff alleges are representative of RugsUSA's practice. *Id.* But the screenshots actually demonstrate that the strike-through prices are self-contained and have no relation to the advertised discount codes or the product that Plaintiff purchased; words like "sale" or "discount" are not present or used in relation to the strike-through price. *Id.* There is simply a price with a line through it and another price. Although there is a question-mark indicating an explanatory tooltip next to the strike-through price, *id.* at ¶ 21 (Screenshot of "Melange Tiles Rug"), that contains additional information to inform the reasonable consumer about the discount, Plaintiff has not alleged whether the product she purchased had such an explanatory tooltip, what information is contained in the

explanatory tooltip, or whether she relied on this information to make her purchase.

### 2.    *Allegations Specific to Plaintiff*.

The Complaint alleges that on September 2, 2024, Plaintiff purchased a RugsUSA Chaya Persian Medallion Rug from RugsUSA's website. *Id.* at ¶ 42. Plaintiff vaguely alleges that when she "made her purchase, Defendant's website represented that the RugsUSA Chaya Persian Medallion Rug had a regular price of $83.99, but was discounted $20.99 for a sale price of $63." *Id.* There are no facts regarding the specifics of this representation—what page of the website it was on, or the actual language used, for example. The Complaint further alleges that in an "email order confirmation" that RugsUSA sent to Plaintiff *after* she made her purchase, RugsUSA represented "that the Products had a certain regular price" and that Plaintiff "was receiving a substantial discount for the rug that she purchased." *Id.* at ¶ 43. Plaintiff vaguely alleges that she read and relied on RugsUSA's "representations on the website, specifically that the Products were being offered at a discount for a limited time and had the regular prices listed above." *Id.* at ¶ 44. However, Plaintiff's Complaint fails to allege what specific representation she relied on, what the representation actually said, where and when she saw it, and whether the discount she allegedly received was the result of using an advertised discount code or the result of any alleged strike-through pricing.

Plaintiff's Complaint provides no details or facts whatsoever to establish the actual content of these alleged representations, or the circumstances under which they were made. Plaintiff has also provided no facts showing how she could have relied on an email confirmation that she received *after* the subject transaction. Plaintiff has further alleged that "[s]he would not have made the purchase if she had known that the Products were not discounted as advertised, and that she was not receiving the advertised discount." *Id.* However, Plaintiff has provided no explanation of any research that she did regarding the regular or former price, market price, or any market prices of

//

//

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS**
**CASE NO.: 3:24-cv-08799-AMO**

1  similar products[1].

2  ### 3.  *Plaintiff's Claims*.

3  On December 6, 2024, Plaintiff filed her Complaint against RugsUSA wherein

4  Plaintiff asserts claims for (1) violation of California's False Advertising Law (the

5  "FAL"); (2) violation of California's Consumer Legal Remedies Act (the "CLRA"); (3)

6  violation of California's Unfair Competition Law (the "UCL"); (4) breach of contract;

7  (5) breach of express warranty; (6) quasi-contract/unjust enrichment; (7) negligent

8  misrepresentation; and (8) intentional misrepresentation. Plaintiff's Complaint fails to

9  identify the regular or former price of the product she allegedly purchased, the

10  prevailing market price of that product, the price at which any other retailer(s) sold the

11  product she allegedly purchased (or products similar to the one she purchased), or

12  which, if any, of RugsUSA's advertisements she saw and/or relied on when making her

13  alleged purchase. For the reasons discussed more fully below, each of Plaintiff's claims

14  against RugsUSA should be dismissed with prejudice.

15  ## III.  APPLICABLE LEGAL STANDARDS

16  ### A.  Federal Rule of Civil Procedure, Rule 12(b)(6).

17  Pursuant to Federal Rule of Civil Procedure 12(b)(6), "a defendant may move to

18  dismiss an action for failure to allege 'enough facts to state a claim to relief that is

19  plausible on its face.'" *In re Arris Cable Modem Consumer Litig.*, No. 17-CV-01834-

20  LHK, 2018 U.S. Dist. LEXIS 1817, at *10 (N.D. Cal. Jan. 4, 2018) (quoting *Bell Atl.*

21  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "detailed factual allegations" are

22  not required, a complaint must have sufficient allegations to "state a claim to relief that

23  is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

24  *Corp.*, 550 U.S. at 570). When evaluating a motion to dismiss, courts generally accept

25  all factual allegations in the complaint as true. *Knievel v. ESPN*, 393 F.3d 1068, 1072

26  (9th Cir. 2005). However, "[t]hreadbare recitals of the elements of a cause of action,

27

28

---

[1]    The Complaint also does not plead any facts regarding whether Plaintiff is still using the product, nor does it plead any facts regarding Plaintiff's satisfaction or lack thereof for the product.

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS**
**CASE NO.: 3:24-cv-08799-AMO**

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court "is not required to 'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quotations omitted). "Mere 'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.'" *Arris Cable*, 2018 U.S. Dist. LEXIS 1817, at *11 (quoting *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)); *accord Iqbal*, 556 U.S. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

### B.    Federal Rule of Civil Procedure, Rule 9(b).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To comply with Rule 9(b), Plaintiff's "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and quotation marks omitted). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (emphasis in original) (citation and quotation marks omitted).

## IV.    ARGUMENT

### A.    All of Plaintiff's Claims Are Subject to Rule 9(b)'s Heightened Pleading Standard Because Each Claim Sounds in Fraud.

Where a plaintiff alleges "a unified course of fraudulent conduct" and relies "entirely on that course of conduct" as the basis of a claim, "the claim is said to be

'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess*, 317 F.3d at 1103-1104.

Relevant to this matter, courts have consistently applied Rule 9(b)'s heightened pleading requirements to claims arising under the UCL, CLRA, FAL, as well as claims for breach of express warranty, fraudulent misrepresentation, negligent misrepresentation, fraud by omission, and unjust enrichment. *See, e.g.*, *Smith v. Glaxosmithkline Consumer Healthcare Holdings (US) LLC*, 660 F. Supp. 3d 863, 875 (N.D. Cal. Mar. 9, 2023) (finding that UCL, CLRA, FAL, breach of express warranty, fraudulent and negligent misrepresentation, fraud by omission, and unjust enrichment claims, among others, all sound in fraud and were subject to Rule 9(b)'s pleading standard because they were premised on a uniform course of fraudulent conduct)[2].

Plaintiff asserts causes of action against RugsUSA for violations of the FAL, CLRA, UCL, breach of contract and express warranty, quasi contract/unjust enrichment, and negligent and intentional misrepresentation. All of these claims stem from an allegedly unified course of fraudulent conduct, such as Plaintiff's allegation that RugsUSA uses "fake sales" to "mislead consumers into believing that they are getting a sale price—when in fact consumers are paying full price." Compl., ECF No. 1, ¶ 5. Plaintiff claims that RugsUSA "makes untrue and misleading statements about its prices[,]" *id.* at ¶ 34, and that she "read and relied on Defendant's representations on the website." *Id.* at ¶ 44. Plaintiff also claims that "Defendant's advertisements harm consumers by inducing them to make purchases based on false information" and that "due to Defendant's misrepresentations, Plaintiff and the class paid more for the Products they bought than they otherwise would have." *Id.* at ¶ 41. Further, Plaintiff claims that "Defendant's misrepresentations were intended to induce reliance," *id.* at

---

[2]    *See also, e.g.*, *Arris Cable*, No. 17-CV-01834-LHK, 2018 U.S. Dist. LEXIS 1817, at *30 (N.D. Cal. Jan. 4, 2018) (applying Rule 9(b) to claims under the UCL, FAL, CLRA, and unjust enrichment/quasi contract claims); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962 (N.D. Cal. 2015) (applying Rule 9(b) to claims under the UCL, CLRA, and FAL); *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618 (N.D. Cal. 2011) (applying Rule 9(b) to claims under the UCL, CLRA, FAL, as well as claims for negligent misrepresentation and unjust enrichment); *Scherer v. FCA US, LLC*, 565 F. Supp. 3d 1184 (S.D. Cal. 2021) (applying Rule 9(b) to fraud by omission claim).

¶¶ 70, 85, and that "Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers." *Id.* at ¶ 84.

Plaintiff's FAL, CLRA, and UCL claims are based on these allegations because these claims are grounded in the alleged misrepresentations. *Id.* at ¶¶ 70, 78-88, 94, 96-99, 104-106. Plaintiff's breach of contract and breach of warranty claims are based on these allegations because the alleged representations and warranties are the terms that RugsUSA is alleged to have breached. *Id.* at ¶¶ 112-113, 115, 120-122. Plaintiff's quasi-contract/unjust enrichment claim is based on these allegations because her theory of unjust enrichment is dependent on the alleged misrepresentations. *Id.* at ¶ 127. Plaintiff's negligent and intentional misrepresentation claims are based on these allegations because the alleged misrepresentations form the basis of the claims. *Id.* at ¶¶ 133-138, 142-147.

All of Plaintiff's claims, therefore, are based on allegations that sound in fraud, and thus she "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Because Plaintiff's claims and allegations sound in fraud, they are subject to Rule 9(b). *See, e.g.*, *Vess*, 317 F.3d at 1103-1104.

## B.    Plaintiff's Claims Do Not Satisfy Rule 9(b)'s Heightened Pleading Standard.

The Court should dismiss Plaintiff's Complaint because Plaintiff has failed to allege sufficient facts that "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). Each of the claims asserted in the Complaint sound in fraud and are subject to Rule 9(b)'s heightened pleading standard. As noted above, to comply with Rule 9(b), Plaintiff was required to plead "the who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106. Despite the foregoing, the Complaint fails to meet this pleading standard for each claim asserted. The Complaint is nearly devoid of specific factual allegations pertaining to Plaintiff's alleged purchase, the discount she allegedly received, the alleged falsity of advertised sales durations and regular prices, or the advertisements and alleged statements she purportedly relied on.

1

2

**1.** ***The Complaint Fails to Plead Facts Regarding Plaintiff's Purchase or the Discount She Allegedly Received.***

3

4

5

6

7

8

9

10

11

12

13

14

15

The Complaint alleges that on September 2, 2024, Plaintiff "purchased a RugsUSA Chaya Persian Medallion Rug from Defendant's website while a sale was on-going." Compl., ECF No. 1, ¶ 42. Plaintiff alleges that "Defendant's website represented that the RugsUSA Chaya Persian Medallion Rug had a regular price of $83.99, but was discounted $20.99 for a sale price of $63." *Id.* Plaintiff also alleges she "relied the representations that the sale was time-limited[,]" she understood "this regular price was the market value of the Products that she was buying," and that she "would not have made the purchase if she had known that the Products were not discounted as advertised, and that she was not receiving the advertised discount." *Id.* at ¶ 44. Further, in conclusory fashion, Plaintiff alleges that RugsUSA's products "are almost always available at a discounted price off of the purported regular prices" and "Defendant did not regularly sell the Products Mrs. Hong purchased at the purported regular prices." *Id.* at ¶ 45.

16

17

18

19

20

21

Plaintiff, however, has pled only unsupported conclusions and speculation. Plaintiff fails to plead ***facts*** that could show *what* discount was applied to her purchase, *how* the discount was applied (e.g., was the discount a strike-through price or did Plaintiff apply a discount code?), *what* was the actual regular price or any former price at which RugsUSA sold the product, or *when* the purported sale started and was advertised to end.

22

23

24

25

26

27

28

Notwithstanding the foregoing, Plaintiff also fails to allege any facts supporting Plaintiff's conclusion that the "regular price was the market value of the Products that she was buying[.]" *Id.* at ¶ 44. From the allegations in the Complaint, it is entirely unclear *how* and *why* Plaintiff concludes that the "regular price" of the rug she purchased represents its "market value." It is similarly unclear *how*, *why*, and *on what basis* Plaintiff concludes that such "regular price" is not, in fact, representative of the rug's "market value." Plaintiff does not allege facts such as the material of the rug, its

8

manufacturer, the quality of the materials used, etc., each of which is a characteristic that would affect the rug's "market value." Furthermore, the Complaint fails to specifically allege that RugsUSA never sold the product Plaintiff purchased at a price higher than what Plaintiff paid, and instead vaguely alleges that RugsUSA "did not regularly sell the Products Mrs. Hong purchased at the purported regular prices[.]" *Id.* at ¶ 45. As a result of the foregoing, the Complaint also fails to plead any facts regarding (i) the alleged falsity of the "former price" or "regular price," (ii) the "prevailing market price," and/or (iii) the price at which the product Plaintiff purchased was listed for sale by any competing online retailers. Plaintiff's failure to plead any facts regarding any alleged misrepresentation, an essential element of her FAL, CLRA, UCL, and misrepresentation claims, is fatal to those claims, as well as her breach of contract, breach of express warranty, and unjust enrichment claims that each sound in fraud and must, therefore, be pleaded with particularity. *See*, *e.g.*, *Vess*, 317 F.3d at 1103-1104; *see also Smith*, 660 F. Supp. 3d at 875.

Plaintiff's allegations are entirely based on the factually unsupported claim that the rug she purchased is "almost always available at a discounted price" and "Defendant did not regularly sell the Products Mrs. Hong purchased at the purported regular prices." *Id.* at ¶ 45. But there are no facts alleged to support such a conclusion that pass Rule 9(b) scrutiny. *See* Fed. R. Civ. P. 9(b); *see also Vess*, 317 F.3d at 1106. As a result of the foregoing, Plaintiff's claims fail to satisfy Rule 9(b)'s heightened pleading standard and should, therefore, be dismissed.

### 2. *The Complaint Fails to Allege Facts Regarding Any Representation(s) Plaintiff Relied on in Making Her Purchase.*

The Complaint alleges that at the time Plaintiff purchased the RugsUSA product, "a sale was on-going." Compl., ECF No. 1, ¶ 42. Plaintiff vaguely alleges that she read and relied on RugsUSA's "representations on the website, specifically that the Products were being offered at a discount for a limited time and had the regular prices listed above" and that RugsUSA made the same representation in an "email order

9

confirmation" sent to Plaintiff "after she made her purchase." *Id.* at ¶¶ 43-44.

However, while the Complaint deceptively includes screenshots of past advertisements RugsUSA allegedly ran on its website, as well as screenshots of unrelated products sold on RugsUSA's website, *id.* at ¶¶ 21-24, the Complaint contains no facts whatsoever regarding any specific representation(s) Plaintiff saw and/or relied upon in relation to her decision to purchase the specific RugsUSA product that she purchased. The Complaint also provides no facts regarding why Plaintiff believed that the "regular prices" represented the product's "market value," what advertised discounts she believed she was receiving as compared to any specific "regular prices," and which advertisements, sales, and prices applied to the product she purchased. Plaintiff has also provided no facts as to how she could have relied on an email confirmation that she received ***after*** the subject transaction. The lack of any factual allegations regarding reliance, a key element of Plaintiff's fraud claims, dooms such claims.

Further, the Complaint does not contain any facts regarding the timing and/or duration of any advertisements or sales that Plaintiff allegedly relied upon (e.g., How much time was left in the sale? Did the sale and/or advertisement apply to the product Plaintiff purchased?). Instead, Plaintiff simply and vaguely alleges that whatever "sale" she relied on was one that was represented as "time-limited." *Id.* at ¶ 44. Additionally, Plaintiff Complaint does not plead any facts regarding what, if anything, occurred to the price of the product she purchased immediately after the allegedly time-limited sale expired. In other words, the Complaint provides RugsUSA and the Court with virtually no specific information regarding the bases for Plaintiff's claims. Again, because Plaintiff fails to plead "the who, what, when, where, and how of the misconduct charged[,]" *see Vess*, 317 F.3d at 1106, her complaint fails to satisfy Rule 9(b)'s heightened pleading standard and should, therefore, be dismissed.

### 3. *The Complaint Fails to Plead an Adequate Pre-Suit Investigation Into the Product Plaintiff Purchased.*

Not only does the Complaint fail to allege facts regarding Plaintiff's purchase and

1    the representation(s) she allegedly relied upon, it also fails to allege the facts necessary
2    to support its conclusions that the product was "almost always available at a discounted
3    price off of the purported regular prices[,]" that RugsUSA "did not regularly sell the
4    Products Mrs. Hong purchased at the purported regular prices," and the advertised
5    "regular price" or "former price" was "not the prevailing market prices for the Products
6    within three months preceding publication of the advertisement." Compl., ECF No. 1,
7    ¶¶ 45, 69.

8        "Rule 9(b) requires Plaintiff to plead her fraud claims with particularity. This
9    requires a plaintiff to conduct a pre-complaint investigation in sufficient depth to assure
10   that the charge of fraud is responsible and supported." *Seegert v. Luxottica Retail N.*
11   *Am., Inc*., No. 17cv1372 JM(BLM), 2018 U.S. Dist. LEXIS 121071, *8 (S.D. Cal. July
12   19, 2018) (internal quotation omitted). To satisfy this burden, a complaint must allege,
13   at minimum, an investigation into the pricing "of the items purchased by the named
14   [plaintiff]." *Lisner v. Sparc Grp. LLC*, No. 2:21-CV-05713-AB (GJSx), 2021 U.S. Dist.
15   LEXIS 249558, at *12-17 (C.D. Cal. Dec. 29, 2021) (dismissing UCL, FAL, and CLRA
16   claims where complaint did not allege that the investigation conducted by plaintiffs'
17   counsel included any of the items purchased by the plaintiffs); *see also Arroyo v. TP-*
18   *Link USA Corp.*, No. 5:14-cv-04999-EJD, 2015 U.S. Dist. LEXIS 133473, at *9-11
19   (N.D. Cal. Sep. 29, 2015) (finding plaintiff's claims regarding non-purchased products
20   insufficient "to satisfy the standing requirements for claims under California statutes[,]"
21   including the CLRA, UCL, and FAL).

22       Here, the Complaint contains no factual allegations regarding any investigation
23   Plaintiff or Plaintiff's counsel made into the price of the product Plaintiff purchased
24   from RugsUSA's website. Plaintiff does not allege that she searched for the same or
25   similar products on other retailers' websites to compare prices, nor does Plaintiff allege
26   that she investigated the price of the product she purchased (or similar products) on
27   RugsUSA's website or any other online retailers' website on any day other than the day
28   she purchased those products. Instead, the Complaint simply alleges that Plaintiff's

counsel used the Internet Archive's Wayback Machine to collect "randomly selected screenshots" from the period "beginning October 13, 2023, through November 22, 2024[,]" and found that "138 out of 150 of those screenshots displayed a purportedly time-limited sitewide sale." Compl., ECF No. 1, ¶ 25.

As a result of the foregoing, Plaintiff fails to allege that she conducted a pre-complaint investigation into the pricing of the product she purchased sufficient to satisfy Rule 9(b)'s heightened pleading standard, and therefore, the Complaint should be dismissed. *See, e.g.*, *Seegert*, 2018 U.S. Dist. LEXIS 121071, *8-9 (dismissing UCL, FAL, and CLRA claims where plaintiff conducted insufficient pre-complaint investigation and merely made conclusory allegations that the product was never sold at its original price); *see also Lisner*, 2021 U.S. Dist. LEXIS 249558, at *16 (finding plaintiff's failure to investigate pricing for the items plaintiff purchased was fatal to UCL, FAL, and CLRA claims); *see also Schertzer v. Samsonite Co. Stores*, No. 19-CV-639 JLS (MSB), 2020 U.S. Dist. LEXIS 134014, at *12-13 (S.D. Cal. Feb. 25, 2020) (dismissing UCL, FAL, and CLRA claims under Rule 9(b) standard where plaintiff did not allege any facts supporting "her belief that the product she purchased had not been offered at the 'retail' price in the 90-day preceding her purchase.").

## C. Plaintiff Has Failed to State a Claim for Breach of Contract.

Plaintiff asserts a claim for breach of contract but fails to specify whether the alleged contract is oral or written. Compl., ECF No. 1, ¶¶ 108-117. However, Plaintiff alleges that she received an "email order confirmation" following her purchase, *id*. at ¶ 43, so for purposes of this motion, RugsUSA treats such claim as a claim for breach of written contract. "[A] plaintiff in a contract action must prove a valid contract between the parties, breach, and resulting damage." *Dawkins v. Wells Fargo Bank, NA*, 576 F. App'x 704, 704 (9th Cir. 2014) (internal citation omitted). "To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either in haec verba or according to legal effect." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (internal citation omitted). "A plaintiff fails

to sufficiently plead the terms of the contract if [she] does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint." *Id.*

Here, Plaintiff has alleged that she (and the purported class members she wishes to represent) entered into a contract with RugsUSA "each time that they made purchases." ECF No. 1, ¶ 47. Plaintiff, therefore, has the burden to allege "at least what material obligation of the contract the defendant allegedly breached." *Langan*, 69 F. Supp. 3d at 979. Plaintiff has failed to meet that burden.

Plaintiff has alleged that the terms of the contracts provided that "Plaintiff and class members would pay Defendant for the Products purchased." Compl., ECF No. 1, ¶ 111. While this allegation may be plausible, Plaintiff's other allegations are pure speculation, such as the allegation that:

> "The contracts further required that Defendant provides Plaintiff and class members with Products that have a market value equal to the regular prices displayed on the website. They also required that Defendant provide Plaintiff and class members with a discount equal to the difference between the price paid, and the regular prices advertised. These were specific and material terms of the contract."

*Id.* at ¶ 112. Plaintiff has not alleged any specific facts or details to support the conclusion that any contract entered by RugsUSA contained such terms. *Id.* at *passim*. Plaintiff's conclusory and unsupported allegation that such terms are part of the contract is insufficient to meet even basic pleading standards. *See*, *e.g.*, *Iqbal*, 556 U.S. at 678. Further, Plaintiff failed to attach a copy of the alleged contract between Plaintiff and RugsUSA to her Complaint, much less the contracts between RugsUSA and the purported class members. And Plaintiff fails to do so despite admitting that she received an "email order confirmation" regarding the details of her September 2, 2024 purchase. Compl., ECF No. 1, ¶ 43. Additionally, Plaintiff has not provided any facts whatsoever

supporting an inference that RugsUSA would have agreed to such terms. *Id.* at *passim*. In light of the normal relationships between an online seller and purchaser, the alleged terms are flatly implausible.

Simply put, there are no factual allegations, as opposed to conclusory assertions, in Plaintiff's Complaint that plausibly establish a contract between Plaintiff and RugsUSA containing the purported terms described above. Plaintiff's breach of contract claim depends on the existence of such terms because those are the purported terms that RugsUSA allegedly breached. Without the necessary factual allegations to support the existence of such terms, Plaintiff's breach of contract claim cannot survive. *See Langan*, 69 F. Supp. 3d at 979-980 (dismissing breach of contract claim where plaintiff failed to allege the specific material terms of the contract or attach a copy of the contract to the complaint). Plaintiff's breach of contract claim, therefore, should be dismissed.

### D.    Plaintiff Has Failed to State a Claim for Breach of Express Warranty.

Similarly, "[a]n express warranty is a term of the parties' contract." *T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 875 (N.D. Cal. 2015) (internal citation omitted). "To state a claim for breach of express warranty under California law, a plaintiff must allege (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury." *Id.* "To allege facts identifying the exact terms of the warranty, a plaintiff must provide 'specifics' about what the warranty statement was, and how and when it was breached." *Id.* Further, "[t]o constitute an actionable express warranty, the statement "must be specific and unequivocal and it must be written." *Id.* (internal citation omitted). "[A]n affirmation merely of the value of the goods…does not create a warranty." *Id.* at 876.

Here, Plaintiff alleges that RugsUSA "issued material, written warranties by advertising that the Products had a prevailing market value equal to the regular price displayed" on its website. Compl., ECF No. 1, ¶ 120. Plaintiff alleges that this "was an affirmation of fact about the Products (i.e., a representation about the market value) and

a promise relating to the goods." *Id*. Further, Plaintiff alleges that "the RugsUSA Products' stated market value was not the prevailing market value." *Id*. at 122.

Notwithstanding the fact that any alleged "affirmation merely of the value of the goods…does not create a warranty[,]" *T&M Solar & Air Conditioning, Inc.*, 83 F. Supp. 3d at 876, Plaintiff alleges no facts regarding how or why she believes that the regular price displayed for a product on RugsUSA's website equates to that product's prevailing market value. Nor does Plaintiff allege any facts to show that the displayed "regular price" for products on RugsUSA's website is not the "market value" for such products. Therefore, Plaintiff's conclusory and unsupported allegations fail to state a claim for breach of express warranty, and the Court should dismiss such claim with prejudice.

### E.    Plaintiff's Negligent and Intentional Misrepresentation Claims Are Barred by the Economic Loss Doctrine.

The Complaint's negligent and intentional misrepresentation claims are also barred by the economic loss doctrine. Under this rule, a plaintiff may recover only in contract, and not in tort, for "purely economic loss due to disappointed expectations, unless [she] can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co.*, *Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). The economic loss rule also bars tort claims that are based on the same factual allegations, and seek the same damages as a plaintiff's contract claims. *See Multifamily Captive Group, LLC v. Assur. Risk Managers, Inc*., 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009).

Here, the Complaint does not allege personal injury, physical damage, or any additional harm beyond Plaintiff's disappointed expectations, nor does the Complaint seek damages that are any different from what Plaintiff seeks by way of her breach of contract and breach of express warranty claims. Accordingly, the Court should dismiss Plaintiff's negligent and intentional misrepresentation claims.

### F.    Plaintiff Has Failed to State a Claim for Unjust Enrichment.

"To plead a claim for unjust enrichment, a plaintiff must allege a receipt of a

benefit and unjust retention of the benefit at the expense of another." *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 989 (N.D. Cal. 2009). However, when a plaintiff retains the benefit of the product provided and fails to plead how the product received was of lesser value than the one for which she paid, Plaintiff's unjust enrichment claim must be dismissed. *See Myers-Armstrong v. Actavis Totowa, LLC*, 382 Fed. Appx. 545, 548 (9th Cir. 2010) (dismissing unjust enrichment claim where plaintiff failed to plead that the drugs she received were of any lesser value than those for which she paid).

Plaintiff has failed to allege circumstances that make it unjust for RugsUSA to retain the benefit allegedly conferred. Plaintiff purchased a rug from RugsUSA for agreed prices, and she received the rug. Plaintiff fails to allege how the product she received was of lesser value than the one for which she paid. Further, Plaintiff has not alleged that she did not use the rug, or that it was inadequate for the task of being placed on floors for its intended use. Plaintiff has not alleged that she returned or intends to return the rug. Plaintiff, therefore, is asking for a windfall in the form of a refund of her purchase price while she keeps the rug.

Moreover, "[u]njust enrichment can be alleged to the extent it represents a remedy for some other valid cause of action." *Forrett v. Gourmet Nut, Inc.*, 634 F. Supp. 3d 761, 767 (N.D. Cal. 2022). Accordingly, Plaintiff's unjust enrichment claim necessarily depends "upon the viability of the Plaintiff['s] other claims." *Sanders*, 672 F. Supp. 2d at 989.

While "Plaintiff brings this cause of action in the alternative to her Breach of Contract claim[,]" ECF No. 1, ¶ 126, Plaintiff's unjust enrichment claim is based on the same allegations and theories that underlie all of her other claims: she claims that under the circumstances it is unjust for RugsUSA to retain the purchase price because RugsUSA's "false and misleading advertising caused Plaintiff and the class to purchase RugsUSA Products and to pay a price premium for these Products." *Id.* at 127. Because each of Plaintiff's other claims fail, so too must her claim for unjust enrichment.

For the foregoing reasons, Plaintiff fails to state a claim for unjust enrichment,

16

1    and therefore this claim should be dismissed.

2        **G.    The Court Should Strike the Complaint's Class Allegations.**

3        Although the circumstances for striking class allegations before certification

4    motion are limited, a court may do so where the "complaint demonstrates that a class

5    action cannot be maintained." *Graves v. Sw. & Pac. Specialty Fin., Inc*., No. C 13-1159

6    SBA, 2013 U.S. Dist. LEXIS 158512, at *7 (N.D. Cal. Nov. 4, 2013) (citations omitted).

7    Here, the class allegations and the definition of the proposed class is overly broad,

8    beyond the scope of Plaintiff's alleged injuries, would implicate categories of persons

9    with different and irrelevant injury or no injury, and facially render the class non-

10    ascertainable. *See Sanders v. Apple, Inc*., 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009).

11        The Complaint proposes a class which includes "all persons who, while in the

12    state of California and within the applicable statute of limitations period, purchased one

13    or more RugsUSA Product advertised at a discount on Defendant's website on or after

14    October 13, 2023." Compl., ECF No. 1, ¶ 56. This proposed class, however, is

15    overbroad. As drafted, the class includes, *inter alia*, consumers who purchased an item

16    on RugsUSA's website but did not rely on and were not deceived by any alleged

17    advertising. Further, the proposed class necessarily includes any consumer who

18    purchased a rug that has a "prevailing market price" that is higher than the price the

19    consumer paid for their rug or that RugsUSA had sold to any other consumer for a

20    higher price during the relevant period. Therefore, "[b]ecause the proposed class

21    includes many members who have not been injured" in the way that Plaintiff alleges to

22    be injured, "it is not certifiable" and the Court should strike the Complaint's class

23    allegations. *Lyons v. Bank of Am*., No. C 11-1232 CW, 2011 U.S. Dist. LEXIS 145176,

24    at *20 (N.D. Cal. Dec. 16, 2011); *see also Sanders*, 672 F. Supp. 2d at 991 (granting

25    motion to strike class allegations where the class definition included "all persons" in the

26    U.S. "who own a 20–inch Aluminum iMac" but such "definition necessarily include[d]

27    individuals who either did not see or were not deceived by advertisements, and

28    individuals who suffered no damages.").

1

## V.     CONCLUSION

2

For the foregoing reasons, RugsUSA respectfully requests that the Court grant

3

its motion to dismiss Plaintiff's Complaint with prejudice.

4

5

Dated:  February 12, 2025                VORYS, SATER, SEYMOUR AND PEASE LLP

6

7

By:  /s/ *Thomas N. McCormick*

8

Thomas N. McCormick
Attorneys for Defendant RUGSUSA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS**
**CASE NO.: 3:24-cv-08799-AMO**